1   AMNON Z. SIEGEL (State Bar No. 234981)
    asiegel@millerbarondess.com
2   MARY MANUKYAN (State Bar No. 334998)
    mmanukyan@millerbarondess.com
3   WENFENG SU (State Bar No. 337838)
    wsu@millerbarondess.com
4   MILLER BARONDESS, LLP
    2121 Avenue of the Stars, Suite 2600
5   Los Angeles, California 90067
    Telephone: (310) 552-4400
6   Facsimile: (310) 552-8400

7   Attorneys for Defendant
    MOMO ORCHARD HOLDINGS, INC.

8

9               UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  A-SHA FOODS USA CO., INC., a        CASE NO. 2:25-cv-07140-SVW-MBK
    California corporation,
13                                      DEFENDANT AND
           Plaintiff,                   COUNTERCLAIMANT MOMO
14                                      ORCHARD HOLDINGS, INC.'S
           v.                           ANSWER TO COMPLAINT AND
15                                      COUNTERCLAIMS
    MOMO ORCHARD HOLDINGS,
16  INC., a Delaware corporation,       [DEMAND FOR JURY TRIAL]

17         Defendant.                   Assigned for All Purpose to:
                                        District Judge Stephen V. Wilson, Ctr.
18                                      10A and Magistrate Judge Michael B.
                                        Kaufman
19
                                        Filed in State Court: June 27, 2025
20                                      Complaint Served: July 2, 2025
                                        Date of Removal: August 1. 2025
21

22
              [REDACTED VERSION OF DOCUMENT PROPOSED
23                 TO BE FILED UNDER SEAL]

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

751638.5

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1    Plaintiff A-Sha Foods USA Co., Inc. ("A-Sha") tries to rewrite the parties'

2    co-packing relationship into an illusory ████ joint-venture.  The record tells a

3    different, far simpler story.  From the first shipment in 2021 through the final

4    purchase orders in early 2025, Defendant Momo Orchard Holdings, Inc. d/b/a

5    Momofuku ("Momofuku"),[1] as a customer, purchased packaged dry noodles bearing

6    its logo, and A-Sha supplied those noodles as a manufacturer.  The parties discussed

7    a potential joint venture.  But the parties intended and expressly stated that any such

8    joint venture would be entered into through a signed written contract.  Yet, despite

9    efforts to reach agreement on a written contract, they were unable to.  Disputes over

10   material terms of any potential joint venture prevented the parties from entering into

11   a written agreement and forming a joint venture.

12   As such, Momofuku had the right to terminate its supplier relationship with

13   A-Sha at any time, which it did in 2025.  Because of A-Sha's rising costs and

14   performance issues, and because the parties operated without any long-term supply

15   agreement providing certainty or predictability of supply, Momofuku continued to

16   explore potential suppliers and eventually hired a different supplier for its noodle

17   business.  Momofuku tried to continue a manufacturing relationship, but A-Sha

18   refused and filed this lawsuit, claiming lost profit damages for a supposed ten-year

19   joint venture.

20   When Momofuku started buying noodles from A-Sha in 2021, sales were

21   good, and the co-packing relationship was mutually beneficial to both sides.  The

22   Parties explored a potential equity partnership or joint venture over the noodle

23   business, retaining lawyers and exchanging multiple drafts of a potential joint

24   venture agreement.  Despite these negotiations, which occurred concurrently with

25   their ongoing co-packing relationship, the Parties never reached a meeting of the

26   minds on—and never executed—any joint-venture, partnership, production or other

27   _____

28   [1] A-Sha and Momofuku are collectively referred to as the "Parties."

1   intellectual-property agreement; no written agreement creating—or memorializing
2   the terms of—a joint venture.  Drafts circulated, redlines flew back and forth, and
3   the Parties repeatedly deadlocked over key terms, including ownership, governance,
4   exclusivity, intellectual-property rights, pricing, termination, and control of key
5   retail accounts.  Despite this, the Parties continued in a straightforward
6   manufacturer-customer relationship: A-Sha made noodles to Momofuku's
7   specifications bearing Momofuku's brand and logo and sold them to Momofuku—
8   or, in the case of Target, A-Sha sold the same noodles directly to Target, without
9   Momofuku receiving a single dollar from those sales.  Momofuku continued under
10  these conditions in part because A-Sha retained the ability to cut off supply of
11  Momofuku's largest product line at any moment—an ever-present risk that
12  constrained Momofuku's leverage and forced it to tolerate terms that were
13  commercially unreasonable.

14          The only written agreements the Parties ever executed are: ▮▮▮▮▮▮▮▮▮▮
15  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
16  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
18  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
19  ▮▮▮▮▮  while the Parties attempted—but ultimately failed—to negotiate a joint
20  venture agreement.  The ▮▮▮▮▮▮▮▮▮▮▮▮▮  did not create, and by their terms
21  could not create, any joint-venture, fiduciary, or exclusive relationship.  ▮▮▮▮▮▮
22  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Yet,
24  they were unable to.  No agreement—whether labelled "Operating Agreement,"
25  "Noodle Business Agreement," or "Production Agreement"—was ever finalized or
26  signed, and the potential joint venture was not created.  Rather, the Parties continued
27  to negotiate over—and disagree on—material terms.
28          Because no such joint venture agreement was ever reached, Momofuku



MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

1  remained free to source noodles elsewhere once A-Sha's delivery, pricing and lead-
2  times failed to meet Momofuku's needs or lagged behind the competition.  That is
3  precisely what any ordinary brand owner is entitled to do when a supplier
4  relationship no longer meets business or customer needs, and that is precisely what
5  happened here.  After Momofuku exercised its right to change suppliers, however,
6  A-Sha filed this lawsuit claiming that Momofuku's lawful change in suppliers
7  breached a supposedly "implied" joint venture contract.  Indeed, during the parties'
8  relationship, A-Sha continued selling its own noodle products and used the fact that
9  it was a Momofuku supplier to expand their own distribution footprint.  A-Sha tried
10 to convert its position as a supplier to an owner of fictitious, joint venture that the
11 parties never agreed to.  A-Sha's claims fail.

12      What's more, it is in fact Momofuku that has been harmed by A-Sha's
13 wrongful conversion of proceeds from sales to Target, and its continued use of
14 Momofuku's trademarks without authorization, after Momofuku stopped using A-
15 Sha as a supplier earlier this year.

16      Momofuku answers A-Sha's Complaint and asserts its counterclaims against
17 A-Sha for its misconduct.

# I.

## ANSWER

## NATURE OF THE ACTION

21  1.    Momofuku admits that it was founded by chef David Chang.
22 Momofuku otherwise denies the allegations in Paragraph 1.

23  2.    Momofuku admits that A-Sha manufactured noodles bearing
24 Momofuku's mark and brand for multiple years, and that this manufacturing
25 relationship was mutually beneficial to both Parties.  Momofuku otherwise denies the
26 allegations in Paragraph 2.

27  3.    Momofuku admits that A-Sha manufactured noodles bearing
28 Momofuku's mark and brand for multiple years, and that this relationship was

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1    mutually beneficial to both Parties.  Momofuku further admits that A-Sha sold

2    noodles bearing Momofuku's brand to Target.  Momofuku otherwise denies the

3    allegations in Paragraph 3.

4          4.      Momofuku denies the allegations in Paragraph 4, including but not

5    limited to the existence or agreement of a joint venture between it and A-Sha.

6          5.      Momofuku admits the noodles manufactured by A-Sha bearing

7    Momofuku's brand were launched in the fall of 2021.  Momofuku further admits

8    that, at one point, it and A-Sha had discussed a 51:49 division of the equity interest

9    in a joint company, with A-Sha owning 51%.  Momofuku further admits that it and

10   A-Sha entered into ██████████████████████████

11   Momofuku otherwise denies the allegations in Paragraph 5, including but not limited

12   to the existence of or agreement to a joint venture between it and A-Sha.

13         6.      Momofuku lacks sufficient knowledge or information to admit or deny

14   the allegations in Paragraph 6 pertaining to A-Sha's knowledge, belief, or conduct,

15   and therefore denies on that basis.  Momofuku otherwise denies the allegations in

16   Paragraph 6, including but not limited to the existence of or agreement to a joint

17   venture between it and A-Sha.

18         7.      Momofuku admits that, during the course of attempting to negotiate a

19   written contract with A-Sha, Momofuku at one point proposed that A-Sha become a

20   shareholder, and that A-Sha declined the proposal.  Momofuku lacks sufficient

21   knowledge or information to admit or deny the allegations in Paragraph 7 pertaining

22   to A-Sha's knowledge, belief, or conduct, and therefore denies on that basis.

23   Momofuku otherwise denies the allegations in Paragraph 7, including but not limited

24   to the existence or agreement of a joint venture between it and A-Sha.

25         8.      Momofuku admits that it has shifted its noodle manufacturing to

26   Pulmuone Foods USA without discussion with A-Sha.  Momofuku otherwise denies

27   the allegations in Paragraph 8, including but not limited to the existence of or

28   agreement to a joint venture between it and A-Sha.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

9.      Momofuku lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 9 pertaining to A-Sha's knowledge, belief, or conduct, and therefore denies on that basis.  Momofuku otherwise denies the allegations in Paragraph 9, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

10.     Momofuku denies the allegations in Paragraph 10, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

11.     Momofuku lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 11 pertaining to A-Sha's knowledge, belief, or conduct, and therefore denies on that basis.  Momofuku denies the allegations in Paragraph 11, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

## THE PARTIES

12.     Momofuku admits A-Sha is a California corporation located in Alhambra, California.  Momofuku further admits A-Sha is a Taiwanese brand that manufactures and sells ramen noodles.  Momofuku lacks sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 12, and therefore denies on that basis.

13.     Momofuku admits the allegations contained in Paragraph 13.

## JURISDICTION AND VENUE

14.     Momofuku admits the allegations contained in Paragraph 14.

15.     Momofuku denies the allegations contained in Paragraph 15 suggesting it had entered into an agreement with A-Sha which called for A-Sha's performance in Los Angeles County.  Momofuku lacks sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 15, and therefore denies on that basis.

## FACTUAL ALLEGATIONS

16.     Momofuku admits A-Sha is a Taiwanese manufacturer of instant

noodles.  Momofuku further admits that A-Sha's products are sold online and to Target.  Momofuku lacks sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 16, and therefore denies on that basis.

17.    Momofuku admits the allegations contained in Paragraph 17 with regard to the Momofuku brand.  However, Momofuku, the company, is separate from Momofuku Noodle Bar, the restaurant business, and thus these allegations are denied to the extent they contend that Momofuku operates the restaurant business.  Momofuku is an IP and consumer-packaged goods company.

18.    Momofuku admits its founder David Chang is a chef with a large social media following and who has appeared on television and talk shows.  Momofuku denies the remainder of the allegations contained in Paragraph 18.

19.    Momofuku, the company, is separate from Momofuku Noodle Bar, the restaurant business, and thus these allegations are denied to the extent they contend that Momofuku operates the restaurant business.  Momofuku lacks sufficient information and knowledge to admit or deny the allegations relating to the restaurant business under the Momofuku brand.

20.    Momofuku denies the allegations contained in Paragraph 20.

21.    Momofuku admits A-Sha manufactures instant noodles and that Momofuku has brand power and recognition.  Momofuku lacks sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 21, and therefore denies on that basis.

22.    Momofuku admits that, at one point, it and A-Sha had discussed splitting their ownership in a joint venture company 51:49, with A-Sha owning the majority interest.  Momofuku denies the remainder of the allegations contained in Paragraph 22, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

23.    Momofuku admits the allegations contained in Paragraph 23.

24.    Momofuku admits Marguerite Mariscal ("Mariscal") was its CEO in

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

1  2021 and that she exchanged emails with Young Chang regarding the Momofuku/A-

2  Sha negotiations. Momofuku lacks sufficient knowledge or information to admit or

3  deny the remainder of the allegations in Paragraph 24, including but not limited to

4  allegations pertaining to A-Sha's knowledge, belief, or conduct, and therefore denies

5  on that basis. The documents referred to in Paragraph 24 speak for themselves.

6  Momofuku denies the existence of or agreement to a joint venture between it and A-

7  Sha.

8      25.    Momofuku admits it and A-Sha launched a line of instant noodles (the

9  "Noodles") in or around August 2021. Momofuku further admits that three flavors

10 of the Noodles were sold at launch, including the Soy & Scallion Noodles, the Spicy

11 Soy Noodles, and the Tingly Chili Wavy Noodles. Momofuku further admits that it

12 and A-Sha continued to negotiate over the terms of a potential long-term relationship

13 in August 2021. Momofuku denies the remainder of the allegations in Paragraph 25.

14     26.    Momofuku admits the *Hypebeast* article referenced in footnote 2 states,

15 in part, that "Inspired by the signature flavors from its restaurant kitchens, the Soy &

16 Scallion Noodles, Spicy Soy Noodles and Tingly Chili Wavy Noodles were created

17 in partnership with A-Sha Foods USA." The hearsay news articles in Paragraph 26

18 speak for themselves. Momofuku denies the remainder of the allegations in

19 Paragraph 26.

20     27.    Momofuku lacks sufficient knowledge or information to admit or deny

21 the allegations in Paragraph 27 because the Complaint does not identify the source of

22 the quoted language, and therefore denies on that basis. Momofuku denies the

23 existence of or agreement to a joint venture between it and A-Sha.

24     28.    Momofuku admits that, in a video posted on Target's Facebook page,

25 David Chang made certain statements, including but not limited to the language

26 quoted out of context in Paragraph 28. Momofuku lacks sufficient knowledge or

27 information to admit or deny the remainder of the allegations in Paragraph 28, and

28 therefore denies on that basis. Momofuku denies the existence of or agreement to a

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

8

joint venture between it and A-Sha.

29. Momofuku admits that the hearsay *Ramen Rater* article, a link to which is provided in footnote 5, stated in part, "These are made for Momofuku, a restaurant founded by David Chang. A-Sha Dry Noodle is making these, so if you like their products, you'll like these. Let's cook it up!" The document speaks for itself. Momofuku lacks sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 29, and therefore denies on that basis. Momofuku denies the existence of or agreement to a joint venture between it and A-Sha.

30. Momofuku admits the Noodles sold well. Momofuku further admits the Parties never reached agreement on a partnership or joint venture. Momofuku denies that such an agreement "was merely a technicality." Momofuku lacks sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 30, including but not limited allegations pertaining to A-Sha's knowledge, belief, or conduct, and therefore denies on that basis.

31. Momofuku admits it and A-Sha never signed an agreement creating a joint venture or partnership. Momofuku further admits that, at one point, it ███████ ██████████████████████████████████████████████████████████ █████████████████████████████████████████ Momofuku denies the remainder of the allegations in Paragraph 31, including but not limited to the allegations that the Parties had previously agreed-upon an equity split or that the Parties had formed a joint venture or partnership.

32. Momofuku denies the Parties reached agreement on a 10-year joint venture. Momofuku admits that in the Parties' co-packing relationship, A-Sha represented it should maintain the sales relationship to Target, which Momofuku agreed to. But Momofuku denies the remainder of the allegations in Paragraph 32.

33. Momofuku admits that, ████████████████████████████████ ███████████████████████████████████████████████████████████ But no such entity was ever created. Momofuku denies the remainder of the

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

allegations in Paragraph 33, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

34.    Momofuku admits it and A-Sha entered into ███████████████ ████████████████████████ Momofuku denies the allegations that "[b]oth Parties knew that there were ████████████████████████████ ██████████ and did not want to risk delaying the momentum of the Noodles." Momofuku denies the remainder of the allegations in Paragraph 34.

35.    Momofuku admits the Parties entered into █████████████████ ████████████████████ in Paragraph 35, which documents speak for themselves. Momofuku admits the Parties expressly contemplated and intended to enter into a binding long-form agreement, which they never did.  Momofuku denies the remainder of the allegations in Paragraph 35.

36.    Momofuku admits the allegations contained in Paragraph 36.  The ███████████████ speaks for itself.  Momofuku denies the allegations in Paragraph 36 to the extent they contend the Parties had formed a joint venture or partnership.

37.    Momofuku admits ████████████████████████████████████ which document speaks for itself.  Momofuku denies the remainder of the allegations in Paragraph 37, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

38.    Momofuku admits ████████████████████████████████████ which document speaks for itself.  Momofuku denies the remainder of the allegations in Paragraph 38, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

39.    Momofuku denies the allegations contained in Paragraph 39, except as to the following:

        a.    Momofuku denies the allegations contained in subparagraph a. of Paragraph 39, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

b. ███████████████████████
███████████████████████
████████████████ Momofuku lacks sufficient knowledge or information to admit or deny the remainder of the allegations in subparagraph b. of Paragraph 39, and therefore denies on that basis.

c. ███████████████████████
███████████████████████
████████████████ Momofuku denies the remainder of the allegations contained in subparagraph c. of Paragraph 39, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

d. Momofuku denies the allegations contained in subparagraph d. of Paragraph 39.

e. Momofuku admits the allegations contained in subparagraph e. of Paragraph 39 but lacks sufficient information to admit or deny whether ████████████████ as A-Sha claimed, but Momofuku does not know if that is true.

f. Momofuku admits ████████████████
███████████████████████
████████████ Momofuku further admits Target paid A-Sha directly.  Momofuku denies the remainder of the allegations contained in subparagraph f. of Paragraph 39, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

g. Momofuku lacks sufficient knowledge or information to admit or deny the allegations in paragraph g. of Paragraph 39, including but not limited to allegations pertaining to A-Sha's knowledge,

1      belief, or conduct, and therefore denies on that basis.

2      h.      Momofuku admits it rolled out different noodle product lines at

3      different times, using A-Sha as its noodle manufacturer.

4      Momofuku denies the remaining allegations contained in

5      subparagraph h. of Paragraph 39.

6      40.      Momofuku denies the allegations that A-Sha kept up with production

7 demand and schedules.  Momofuku lacks sufficient knowledge or information to

8 admit or deny the remainder of the allegations in Paragraph 40, including but not

9 limited to allegations pertaining to A-Sha's knowledge, belief, or conduct, and

10 therefore denies on that basis.

11      41.      Momofuku admits the allegations contained in Paragraph 41.

12      42.      Momofuku admits the Parties communicated to ensure timely

13 production and delivery of the Noodles.  Momofuku lacks sufficient knowledge or

14 information to admit or deny the remainder of the allegations in Paragraph 42,

15 including but not limited to allegations pertaining to A-Sha's knowledge, belief, or

16 conduct, and therefore denies on that basis.

17      43.      Momofuku admits that *the LA Business Journal* hearsay article, a link to

18 which is provided in footnote 10, states in part, "'They . . . chose us to be their

19 exclusive noodles supplier, so anything that's packaged from Momofuku will be

20 developed by A-Sha,' Chang said. 'The product itself launched only in October of

21 this year, exclusively in Target stores nationally.'"  The document speaks for itself.

22 Momofuku lacks sufficient knowledge or information to admit or deny the remainder

23 of the allegations in Paragraph 43, and therefore denies on that basis.

24      44.      Momofuku denies the allegations contained in Paragraph 44, including

25 but not limited to the existence or agreement of a joint venture between it and A-Sha.

26      45.      Momofuku can neither admit nor deny the allegations in Paragraph 45

27 regrading an undated email sent "about a year and a half after launching the

28 Noodles."  It is unclear what document A-Sha is referring to, and in any event,

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

1  documents speak for themselves and should not be presented out of context.

2  Momofuku denies the allegations contained in Paragraph 45, including but not

3  limited to the existence or agreement of a joint venture between it and A-Sha.

4      46.    Momofuku admits that it continued to work in good faith to negotiate an

5  agreement with A-Sha that would define and govern their long-term relationship, but

6  denies that "there were just minor issue for the parties to hammer out."  Momofuku

7  lacks sufficient knowledge or information to admit or deny the remainder of the

8  allegations in Paragraph 46, and therefore denies on that basis.  Momofuku denies

9  the existence or agreement of a joint venture between it and A-Sha.

10      47.    Momofuku denies the allegations in Paragraph 47.

11      48.    Momofuku admits that A-Sha sold Momofuku's Noodles to Target

12  directly and Momofuku did not object to those sales.  Momofuku denies the

13  existence of or agreement to a joint venture between it and A-Sha.  Momofuku lacks

14  sufficient knowledge or information to admit or deny the remainder of the allegations

15  in Paragraph 48, including but not limited allegations pertaining to A-Sha's

16  knowledge, belief, or conduct, and therefore denies on that basis.

17      49.    Momofuku lacks sufficient knowledge or information to admit or deny

18  the allegations in Paragraph 49, including but not limited to allegations pertaining to

19  A-Sha's knowledge, belief, or conduct, and therefore denies on that basis.

20      50.    Momofuku denies the allegations contained in Paragraph 50.

21  Momofuku and A-Sha could not agree on, and continued to negotiate over, key terms

22  of a potential joint venture agreement throughout 2022 and 2023.

23      51.    Momofuku denies the existence of or agreement to a joint venture

24  between it and A-Sha.  Momofuku lacks sufficient knowledge or information to

25  admit or deny the remainder of the allegations in Paragraph 51, including but not

26  limited to allegations pertaining to A-Sha's knowledge, belief, or conduct, and

27  therefore denies on that basis.

28      52.    Momofuku denies the allegations contained in Paragraph 52, including

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

but not limited to the existence of or agreement to a joint venture between it and A-Sha.

53. Momofuku denies the allegations contained in Paragraph 53, including but not limited to the existence of or agreement to a joint venture between it and A-Sha. Momofuku lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 53 regarding what unidentified communication from Momofuku A-Sha is referring to, and therefore denies on that basis. Momofuku states the documents speak for themselves and should not be presented or taken out of context.

54. Momofuku lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 54 pertaining to A-Sha's knowledge, belief, or conduct, and therefore denies on that basis. Momofuku denies the remainder of the allegations contained in Paragraph 54, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

55. Momofuku admits Henry Arndt ("Arndt") was its Vice President of Corporate Development & Strategy. Momofuku states that documents speak for themselves, and that A-Sha is presenting documents out of context. Momofuku denies the remainder of the allegations contained in Paragraph 55, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

56. Momofuku states that documents speak for themselves, and that A-Sha is presenting documents out of context. Momofuku denies the remainder of the allegations contained in Paragraph 56, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

57. Momofuku denies the allegations contained in Paragraph 57, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

58. Momofuku admits the Parties never reached agreement on a potential long-term relationship. Momofuku further admits the Parties continued to operate in

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

751638.5

14

MOMO ORCHARD HOLDINGS, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

a co-packing relationship.  Momofuku denies the remainder of the allegations contained in Paragraph 58, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

59.    Momofuku admits that, at one point during the Parties' unsuccessful negotiations for a potential long-term relationship, it offered to let A-Sha become an investor, which A-Sha rejected.  Momofuku denies the remainder of the allegations contained in Paragraph 59, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

60.    Momofuku admits Mariscal sent an email in or around late October 2022 to Young Chang, to which Young Chang responded, copying David Chang. Momofuku states that documents speak for themselves, and A-Sha is presenting documents out of context.  Momofuku denies the remainder of the allegations contained in Paragraph 60, including but not limited to the existence o or agreement to a joint venture between it and A-Sha.

61.    Momofuku admits Mariscal sent an email in or around late October 2022 to Young Chang, to which Young Chang responded, copying David Chang. Momofuku states that documents speak for themselves, and A-Sha is presenting documents out of context.  Momofuku admits that in October 2022, the Parties had still not reached a written contract regarding the joint venture; in fact, they never did reach agreement.  Momofuku denies the remainder of the allegations contained in Paragraph 61, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

62.    Momofuku admits the Parties never reached a long-form agreement because of disagreements over material terms.  Momofuku denies the remainder of the allegations contained in Paragraph 62, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

63.    Momofuku denies the allegations contained in Paragraph 63, including but not limited to the existence of or agreement to a joint venture between it and A-

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

Sha.

64.     Momofuku admits it sought financing from potential investors while it and A-Sha continued to negotiate a written contract.  Momofuku denies the remainder of the allegations contained in Paragraph 64, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

65.     Momofuku denies the allegations in Paragraph 65.

66.     Momofuku admits that, in 2022 and 2023, it launched new noodle products.  Momofuku further admits that it bought noodles from A-Sha and paid A-Sha, and understood that A-Sha made a profit on those sales.  Momofuku admits the Letter Agreement sets forth certain costs per unit, and that A-Sha notified Momofuku of a 15% price increase to take effect in January 2023.  Momofuku denies the remainder of the allegations contained in Paragraph 66, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

67.     Momofuku admits that, in 2023, it received funds from private equity investors.  Momofuku further admits that A-Sha did not participate in its solicitation of financing from the private equity investors.  Momofuku lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 67 pertaining to A-Sha's knowledge, belief, or conduct, and therefore denies on that basis.  Momofuku denies the remainder of the allegations contained in Paragraph 67, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

68.     Momofuku admits that, in or around 2025, it hired Paddy Spence ("Spence") to serve as its CEO, replacing Mariscal.  Momofuku further admits Mariscal remained as the CEO for the Momofuku brand's restaurant business.  Momofuku denies the remainder of the allegations in Paragraph 67.

69.     Momofuku admits that, on May 13, 2025, it sent "an updated 3 month rolling forecast" to A-Sha and stated it was "working to release the June 2025 production PO to [A-Sha]."  Momofuku denies the remainder of the allegations

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1    contained in Paragraph 69, including but not limited to the existence of or agreement

2    to a joint venture between it and A-Sha.

3         70.    Momofuku admits that, after it sent A-Sha the three-month rolling

4    forecast on May 13, 2025, it inadvertently added personnel from Pulmuone Foods

5    USA, Inc. ("Pulmuone") to the same email thread.  Momofuku further admits it was

6    doing business with Pulmuone, a South Korean company that produces, among other

7    things, noodles.  Momofuku further admits an individual from Pulmuone replied to

8    the thread, requesting confirmation on details of Momofuku's purchase orders for

9    June, July, August, and September.  The document speaks for itself.  Momofuku

10    denies the remainder of the allegations contained in Paragraph 70, including but not

11    limited to the existence of or agreement to a joint venture between it and A-Sha.

12         71.    Momofuku states that documents speak for themselves, and that A-Sha

13    is presenting documents out of context.  Momofuku lacks sufficient knowledge or

14    information regarding what Pulmuone personnel might have done with this email.

15    Momofuku denies the remainder of the allegations in Paragraph 71, including but not

16    limited to the existence of or agreement to a joint venture between it and A-Sha.

17         72.    Momofuku lacks sufficient knowledge or information to admit or deny

18    the allegations pertaining to A-Sha's knowledge, belief, or conduct, and therefore

19    denies on that basis.  Momofuku denies the remainder of the allegations contained in

20    Paragraph 72, including not limited to the existence of or agreement to a joint

21    venture between it and A-Sha.

22         73.    Momofuku admits that, on May 14, 2025, Spence and Mariscal spoke

23    with Young Chang.  Momofuku further admits Spence informed Young Chang that

24    Momofuku was planning to discontinue the co-packaged noodles with A-Sha.

25    Momofuku denies the remainder of the allegations contained in Paragraph 73,

26    including not limited to the existence of or agreement to a joint venture between it

27    and A-Sha.

28         74.    Momofuku denies the allegations contained in Paragraph 74, including

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

not limited to the existence of or agreement to a joint venture between it and A-Sha.

75.    Momofuku lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 75, including but not limited to allegations pertaining to A-Sha's knowledge, belief, or conduct, and therefore denies on that basis.

76.    Momofuku admits that Spence and David Chang met with Young Chang at Majordomo Media Studios to discuss the Parties' relationship.  Momofuku denies the remainder of the allegations contained in Paragraph 76, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

77.    Momofuku admits that it proposed to A-Sha the idea of working on a soup-based "bowl" noodle rather than a "brick" noodle.  Momofuku denies the remainder of the allegations contained in Paragraph 77, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

78.    Momofuku denies the allegations in Paragraph 78 to the extent they contend there was a joint venture or partnership between the Parties.  Momofuku denies that "the parties at this point had at least six years left on their Joint Venture agreement."  Momofuku lacks sufficient knowledge or information to admit or deny the remainder of the allegations contained in Paragraph 75, including but not limited to allegations pertaining to A-Sha's knowledge, belief, or conduct, and therefore denies on that basis.

79.    Momofuku admits that, on May 28, 2025, David Chang, Spence, and Arndt met with Young Chang virtually.  Momofuku denies the remainder of the allegations contained in Paragraph 79, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

80.    Momofuku admits that, on June 3, 2025, Mariscal spoke with Young Chang.  Momofuku denies the remainder of the allegations contained in Paragraph 80, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

81.    Momofuku admits that Spence sent an email to Young Chang on June 4, 2025, which email speaks for itself and should not be presented or taken out of context.  Momofuku denies the remainder of the allegations contained in Paragraph 81, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

82.    Momofuku lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 82, including but not limited to allegations pertaining to A-Sha's knowledge, belief, or conduct, and therefore denies on that basis.

83.    Momofuku denies the allegations contained in Paragraph 83, including but not limited to the existence of or agreement to a joint venture between it and A-Sha.

84.    Momofuku denies the existence of or agreement to a joint venture between it and A-Sha.  Momofuku lacks sufficient knowledge or information to admit or deny the remainder of the allegations contained in Paragraph 84, including but not limited to allegations pertaining to A-Sha's knowledge, belief, or conduct, and therefore denies on that basis.

85.    Momofuku denies the existence of or agreement to a joint venture between it and A-Sha.  Momofuku lacks sufficient knowledge or information to admit or deny the remainder of the allegations contained in Paragraph 85, including but not limited to allegations pertaining to A-Sha's knowledge, belief, or conduct, and therefore denies on that basis.

86.    Paragraph 86 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Momofuku denies the allegations in Paragraph 86.

## **FIRST CAUSE OF ACTION**

### **For Breach of Implied-in-Fact Contract - Against Defendant Momofuku**

87.    Momofuku hereby incorporates by reference paragraphs 1 through 86 of

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

1   this Answer, inclusive, as though set forth fully herein.

2       88.    Paragraph 88 exclusively contains legal conclusions, arguments, and

3   characterization to which no response is required.  To the extent a response is

4   required, Momofuku denies the allegations in Paragraph 88.

5       89.    Paragraph 89 exclusively contains legal conclusions, arguments, and

6   characterization to which no response is required.  To the extent a response is

7   required, Momofuku denies the allegations in Paragraph 89.

8       90.    Paragraph 90, including subparagraphs a. through h., exclusively

9   contains legal conclusions, arguments, and characterization to which no response is

10  required.  To the extent a response is required, Momofuku denies the allegations in

11  Paragraph 90.

12      91.    Paragraph 91 exclusively contains legal conclusions, arguments, and

13  characterization to which no response is required.  To the extent a response is

14  required, Momofuku denies the allegations in Paragraph 91.

15      92.    Paragraph 92 exclusively contains legal conclusions, arguments, and

16  characterization to which no response is required.  To the extent a response is

17  required, Momofuku denies the allegations in Paragraph 92.

18      93.    Paragraph 93 exclusively contains legal conclusions, arguments, and

19  characterization to which no response is required.  To the extent a response is

20  required, Momofuku denies the allegations in Paragraph 93.

21      94.    Paragraph 94 exclusively contains legal conclusions, arguments, and

22  characterization to which no response is required.  To the extent a response is

23  required, Momofuku denies the allegations in Paragraph 94.

24                         **<u>SECOND CAUSE OF ACTION</u>**

25           **For Breach of Fiduciary Duties - Against Momofuku**

26      95.    Momofuku hereby incorporates by reference paragraphs 1 through 94 of

27  this Answer, inclusive, as though set forth fully herein.

28      96.    Paragraph 96 exclusively contains legal conclusions, arguments, and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  characterization to which no response is required.  To the extent a response is

2  required, Momofuku denies the allegations in Paragraph 96.

3       97.     Paragraph 97, including subparagraphs a. through f., exclusively

4  contains legal conclusions, arguments, and characterization to which no response is

5  required.  To the extent a response is required, Momofuku denies the allegations in

6  Paragraph 97.

7       98.     Paragraph 98 exclusively contains legal conclusions, arguments, and

8  characterization to which no response is required.  To the extent a response is

9  required, Momofuku denies the allegations in Paragraph 98.

10       99.     Paragraph 99 exclusively contains legal conclusions, arguments, and

11  characterization to which no response is required.  To the extent a response is

12  required, Momofuku denies the allegations in Paragraph 99.

13       100.   Paragraph 100 exclusively contains legal conclusions, arguments, and

14  characterization to which no response is required.  To the extent a response is

15  required, Momofuku denies the allegations in Paragraph 100.

### THIRD CAUSE OF ACTION

**For Promissory Estoppel (Plead in the Alternative to Breach of**

**Implied-in-Fact Contract) - Against Momofuku**

19       101.   Momofuku hereby incorporates by reference paragraphs 1 through 100

20  of this Answer, inclusive, as though set forth fully herein.

21       102.   Paragraph 102, including subparagraphs a. through g., exclusively

22  contains legal conclusions, arguments, and characterization to which no response is

23  required.  To the extent a response is required, Momofuku denies the allegations in

24  Paragraph 102.

25       103.   Paragraph 103 exclusively contains legal conclusions, arguments, and

26  characterization to which no response is required.  To the extent a response is

27  required, Momofuku denies the allegations in Paragraph 103.

28       104.   Paragraph 104 exclusively contains legal conclusions, arguments, and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

1  characterization to which no response is required.  To the extent a response is
2  required, Momofuku denies the allegations in Paragraph 104.

3      105.   Paragraph 105 exclusively contains legal conclusions, arguments, and
4  characterization to which no response is required.  To the extent a response is
5  required, Momofuku denies the allegations in Paragraph 105.

6      106.   Paragraph 106 exclusively contains legal conclusions, arguments, and
7  characterization to which no response is required.  To the extent a response is
8  required, Momofuku denies the allegations in Paragraph 106.

9      107.   Paragraph 107 exclusively contains legal conclusions, arguments, and
10  characterization to which no response is required.  To the extent a response is
11  required, Momofuku denies the allegations in Paragraph 107.

12                    **JURY TRIAL DEMAND**

13      108.   Paragraph 108 exclusively contains legal conclusions, arguments, and
14  characterization to which no response is required.

15                    **PRAYER FOR RELIEF**

16      A-Sha's Prayer for Relief exclusively contains legal conclusions, arguments,
17  and characterization to which no response is required.  To the extent a response is
18  required, Momofuku denies the allegations in the Prayer for Relief.

19                    **AFFIRMATIVE DEFENSES**

20      Momofuku hereby pleads the following separate and additional defenses to
21  the Complaint.  By alleging the separate and additional defenses set forth below,
22  Momofuku intends no alteration of the burden of proof and/or burden of going
23  forward with evidence that otherwise exists with respect to any particular issue at
24  law or in equity.  Furthermore, all such defenses are pleaded in the alternative, and
25  do not constitute an admission of liability or that A-Sha is entitled to any relief
26  whatsoever.  Without limiting or waiving any defenses available to it, and based on
27  information and belief unless otherwise stated, Momofuku alleges as follows:

28                    **FIRST AFFIRMATIVE DEFENSE**

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

1   (*Failure to State a Claim*)

2       A-Sha's claims are barred, in whole or in part, because A-Sha fails to state a

3   claim upon which relief can be granted.

4               **SECOND AFFIRMATIVE DEFENSE**

5                   (*Statute of Frauds*)

6       A-Sha's claims are barred, in whole or in part, by the statute of frauds.

7               **THIRD AFFIRMATIVE DEFENSE**

8               (*Speculative and Remote Damages*)

9       A-Sha's claims are barred, in whole or in part, because the alleged damages,

10  if any, are speculative, derivative, indirect, and remote, and because of the

11  impossibility of ascertaining and allocating those alleged damages.

12              **FOURTH AFFIRMATIVE DEFENSE**

13                  (*Unauthorized Remedies*)

14      A-Sha's claims are barred, in whole or in part, to the extent the remedies

15  sought are unconstitutional, contrary to public policy, or are otherwise unauthorized.

16              **FIFTH AFFIRMATIVE DEFENSE**

17      (*Ratification, Consent, Acquiescence, and/or Confirmation*)

18      A-Sha's claims are barred, in whole or in part, because it and/or its agents

19  ratified, consented to, acquiesced in, and/or confirmed any or all of Momofuku's

20  conduct and/or omissions alleged in the Complaint.

21              **SIXTH AFFIRMATIVE DEFENSE**

22          (*Unauthorized Attorneys' Fees and Costs*)

23      A-Sha's prayer for relief is barred, in whole or in part, to the extent an award

24  of attorneys' fees or other costs, based upon the conduct alleged in the Complaint, is

25  not allowed under applicable law.

26              **SEVENTH AFFIRMATIVE DEFENSE**

27                  (*Failure to Mitigate*)

28      Momofuku is informed and believe that A-Sha failed to do everything

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL. (310) 552-4400   FAX (310) 552-8400

1  reasonably possible to minimize losses or otherwise mitigate its damages, if any.

2  ### EIGHTH AFFIRMATIVE DEFENSE

3  #### (*Waiver*)

4  A-Sha's claims are barred, in whole or in part, by the doctrine of waiver.

5  ### NINTH AFFIRMATIVE DEFENSE

6  #### (*Laches*)

7  A-Sha's claims are barred, in whole or in part, by the doctrine of laches.

8  ### TENTH AFFIRMATIVE DEFENSE

9  #### (*Unclean Hands*)

10  A-Sha's claims are barred, in whole or in part, by the doctrine of unclean

11  hands.

12  ### ELEVENTH AFFIRMATIVE DEFENSE

13  #### (*Unjust Enrichment*)

14  Any recovery by A-Sha against Momofuku would be unfair and would

15  constitute unjust enrichment.

16  ### TWELVETH AFFIRMATIVE DEFENSE

17  #### (*Estoppel*)

18  A-Sha's claims are barred, in whole or in part, by the doctrine of estoppel.

19  ### THIRTEENTH AFFIRMATIVE DEFENSE

20  #### (*Conduct Not Wrongful*)

21  A-Sha's claims are barred, in whole or in part, because Momofuku's conduct

22  was not wrongful or otherwise unlawful.

23  ### FOURTEENTH AFFIRMATIVE DEFENSE

24  #### (*Superseding and Intervening Acts*)

25  Any damage allegedly sustained by A-Sha was caused, in whole or in part, by

26  the superseding and intervening acts and omissions of persons or entities for whose

27  conduct Momofuku is not responsible.

28  ### FIFTEENTH AFFIRMATIVE DEFENSE

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

(*No Causation*)

A-Sha's claims are barred, in whole or in part, because A-Sha's damages, if any, were not caused by Momofuku.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (*Avoidable Consequences*)

A-Sha's claims are barred, in whole or in part, by the doctrine of avoidable consequences.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (*No Damages*)

Without admitting the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Momofuku in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (*Offset*)

A-Sha's alleged damages, if any, must be offset against the damages Momofuku incurred, if any.

## NINTHEENTH AFFIRMATIVE DEFENSE

### (*Absence of Malice*)

Any acts or omissions by Momofuku, if any, were not the result of oppression, fraud, or malice.

## RESERVATION OF ADDITIONAL DEFENSES

Momofuku reserves its right to add, delete, or modify any and all defenses which may pertain to the Complaint that are now or may become available in this action through clarification or amendment of the Complaint, through discovery, through further legal analysis of A-Sha's or Momofuku's claims and positions in this litigation, or otherwise.

## PRAYER FOR RELIEF

**WHEREFORE**, Momofuku prays judgment be entered as follows:

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

MOMO ORCHARD HOLDINGS, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

1    A.    A-Sha takes nothing by reason of the Complaint;

2    B.    The Complaint be dismissed with prejudice;

3    C.    Momofuku recovers its costs of suit, including attorneys' fees; and

4    D.    Momofuku be awarded such other and further relief as the Court deems

5          just and proper.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

751638.5

MOMO ORCHARD HOLDINGS, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

# II.

# COUNTERCLAIMS

Defendant and Counterclaimant Momo Orchard Holdings, Inc. d/b/a
Momofuku ("Momofuku"), alleges as follows for its counterclaims against Plaintiff
and Counter-Defendant A-Sha Food USA Co., Inc. ("A-Sha") (and together with
Momofuku, the "Parties").  Momofuku asserts these counterclaims without
conceding that any partnership or joint-venture relationship ever existed between the
Parties (none did) and expressly denies the existence of any such relationship.
Momofuku brings these claims solely in its capacity as a purchaser-customer of
noodles from A-Sha and as a trademark owner.

# SUMMARY OF THE ACTION

1.     A-Sha makes packaged dry noodles.  In 2021, A-Sha began selling
those noodles to Momofuku, pursuant to Momofuku's specifications and with
Momofuku's branding (the "Noodles").  The Parties tried to negotiate a written joint
venture/equity agreement, but despite several years of attempting to do so, they were
never able to reach agreement on material terms.  During their unsuccessful
negotiations, however, they continued selling the Noodles in a co-packing
relationship, with A-Sha as the manufacturer/supplier and Momofuku as the
customer/purchaser.  The Noodles sales were successful, so the Parties continued in
this manner until early 2025 when Momofuku moved its production to a different
noodle manufacturer.

2.     During the Parties' manufacturer-customer relationship, they operated in
a co-packing relationship: pursuant to Momofuku's specifications and with
Momofuku's branding, A-Sha manufactured the Noodles for Momofuku, Momofuku
bought the Noodles from A-Sha at a price that ensured A-Sha a healthy profit, and
then Momofuku sold the Noodles to retailers and retained the resale profit/margin for
itself.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

751638.5

27

MOMO ORCHARD HOLDINGS, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

3.      With respect to one retailer, however, Target Corporation ("Target"), the relationship proceeded differently.  A-Sha insisted that, because of its relationship with Target's procurement department, it should oversee the sales of the Momofuku-branded Noodles to Target.  Momofuku agreed and allowed A-Sha to control sales of its Momofuku-branded Noodles to Target.  Under this arrangement, A-Sha would supply Target-bound containers at a fixed, cost-plus price and would act as Momofuku's disclosed agent for the limited purpose of invoicing and collecting payments from Target.

4.      A-Sha should have promptly remitted to Momofuku the difference between (a) the revenues A-Sha received from Target and (b) the price per container (plus A-Sha's actual documented expenses) (this amount is referred to herein as the "Target Proceeds").  Instead, A-Sha retained every penny of the Target Proceeds—believed to be in excess of $15 million—in violation of its obligations as Momofuku's bailee and constructive trustee.

5.      Between 2021 and 2025 when Momofuku terminated its manufacturing relationship with A-Sha, A-Sha misappropriated and wrongfully withheld all of the Target Proceeds.  The Noodles featured the well-known MOMOFUKU trademark (U.S. Trademark Registration No. 4984580) (the "Momofuku Mark").  A-Sha had absolutely no basis to convert the Target Proceeds, yet that is exactly what it did.  To this day, A-Sha has yet to account to Momofuku, let alone pay Momofuku a penny, for the Target Proceeds.  A-Sha was obligated to hold the Target Proceeds in trust for Momofuku, but instead has stolen them.

6.      From day one, the Parties' relationship was a co-packing/vendor-of-record arrangement: Momofuku was the brand owner and purchaser; A-Sha manufactured finished goods and, for Target only, acted as Momofuku's agent/vendor of record for limited purposes.  Although the Parties explored—but never consummated—a broader joint-venture/equity agreement, those negotiations failed because of ongoing disagreements over key terms.  No joint venture was ever

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

formed, and Momofuku therefore at all times remained free to stop buying noodles from A-Sha and source noodles from a different manufacturer. Nothing in the Parties' failed negotiations over a potential joint venture altered A-Sha's obligation to collect the Target Proceeds on Momofuku's account and hold those funds in trust for—and remit them to—Momofuku.

7.    During the Parties' relationship, Momofuku grew frustrated with A-Sha's high prices and performance issues. Ongoing disagreements about key terms over negotiations for a potential joint venture further reduced Momofuku's confidence in A-Sha, particularly when it feared A-Sha was exploiting Momofuku's lack of alternative suppliers by, at times, slowing production as leverage. Consequently, in spring 2025, Momofuku informed A-Sha that it would no longer be placing noodle purchase orders, and Momofuku shifted to a new manufacturer.

8.    Not only has A-Sha wrongfully seized all the Target Proceeds, but since Momofuku's termination of their relationship A-Sha's blatant violation of Momofuku's rights has gotten worse. Without Momofuku's consent, A-Sha has continued to advertise and sell Momofuku-branded noodle products both on its website and to other retailers—sometimes at a steep discount in order to intentionally harm Momofuku in the marketplace. A-Sha has no right to market and sell the Momofuku-branded Noodles on its website or through any other channels. A-Sha's ongoing, unauthorized sales are illegal and damaging to the Momofuku brand.

## SUBJECT MATTER JURISDICTION

9.    The Court has original subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. section 1332, which grants federal courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a)(2).

10.    Additionally, this Court also has jurisdiction over the subject matter of this action under 28 U.S.C. section 1338(a) and 15 U.S.C. section 1121 because this

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

case arises out of the Lanham Act, 15 U.S.C. sections 1114, 1125, for trademark infringement.  This Court has supplemental subject matter jurisdiction over Momofuku's remaining state law claims under 28 U.S.C. section 1367(a) because the state law claims are so related such that they form part of the same case or controversy.

### PERSONAL JURISDICTION AND VENUE

11.    This Court has personal jurisdiction over Counter-Defendant A-Sha, and venue is proper here, because A-Sha is incorporated in California, conducts business and has offices in this district, sued Momofuku in this district, and because A-Sha committed misconduct, as alleged in in this Counterclaim, in California.

### THE PARTIES

12.    Momofuku is a Delaware corporation with its principal place of business in New York, New York.  Momofuku owns and markets premium restaurant-inspired consumer packaged goods, including the instant noodle products previously manufactured by A-Sha on Momofuku's behalf.

13.    A-Sha is a California corporation with, on information and belief, its principal place of business in Alhambra, California.

14.    A-Sha's role was limited to that of an independent manufacturer/supplier and vendor of record; no partnership, joint venture, or other fiduciary relationship—other than a limited bailment and agency with respect to the Target Proceeds—was ever formed.

### FACTUAL ALLEGATIONS

#### *The Parties' Co-Packing Relationship*

15.    Momofuku is a renowned and innovative restaurant group and food brand founded by chef David Chang, with a reputation for culinary excellence and creativity.  Since the Covid-19 pandemic, Momofuku has expanded into the consumer-packaged goods ("CPG") market, leveraging its brand and culinary expertise to develop and market high-quality pantry staples and instant noodle

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

products to consumers nationwide.  Momofuku's entry into the CPG space is a significant extension of its brand, and the company has invested substantial resources in building a reputation for quality, authenticity, and innovation in the packaged food sector.

16.    A-Sha is the U.S. arm of a Taiwan-based manufacturer and distributor specializing in the production of ramen noodles and related food products.

17.    In late 2020, Momofuku and A-Sha began working together to create shelf-stable noodles using Momofuku's brand cachet and A-Sha's Taiwanese production facilities.

18.    By Fall 2021, the Parties operated under an arm's-length co-packing arrangement: ███████████████████████████████████████████ ███████████████████████████ With respect to Target, however, the understanding was different. █████████████████ █████████████████████████████████████ For sales to Target, A-Sha acted as Momofuku's agent for the limited purpose of invoicing and collecting payment from Target, and was required to remit the balance of the Target Proceeds to Momofuku.  A-Sha was required to provide documentary support (receipts for expenses incurred) for its deductions from the Target Proceeds.

19.    The Momofuku-branded noodles (the "Noodles") turned out to be a success.  Pursuant to this arrangement, Momofuku consistently ordered multiple containers of the Noodles on a monthly basis from A-Sha and paid its invoices on 90-day net terms.  The co-packing deal was mutually beneficial.

### The Parties Could Not Reach Agreement on a Joint Venture

20.    In light of this success, the Parties explored a potential equity partnership.  Despite their continued negotiations which occurred concurrently with the ongoing co-packing relationship, however, the Parties never came close to a

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

1   meeting of the minds on—and never executed—any joint-venture, operating,

2   production, or other intellectual-property agreement; there was no written agreement

3   at all regarding a joint venture.  The negotiations repeatedly deadlocked over key

4   terms, including ownership, governance, exclusivity, intellectual-property rights,

5   pricing, termination, and control of key retail accounts.

6       21.    The only written instruments the Parties ever executed were █████

7   ████████████████████████████████████████████████

8   ██████████████████████████████████████████████████

9   ██████████████████████████████████████████████████

10  ████████████████████████████████████████████████

11  ██████████████████████████████████████████████████

12  ██████████████████    Those interim pricing terms governed Momofuku's

13  purchases; they did not create, and by their terms could not create, any joint-venture,

14  fiduciary, or exclusive relationship.  Indeed, the Parties expressly stated that in order

15  to create a joint venture, they intended on entering into a formal written contract.

16  Yet, they were unable to do so.  For the avoidance of doubt, ████████████ is

17  referenced solely as evidence of the Parties' understanding of pricing for the

18  Momofuku-branded Noodles.

19      22.    The contemplated joint venture entity was never created, and no

20  certificates of formation were filed.  No agreement—whether labelled "Operating

21  Agreement," "Noodle Business Agreement," or "Production Agreement"—was ever

22  finalized or signed, and no joint venture was ever created.  Rather, the Parties

23  continued to negotiate over—and disagree on—material terms.

24      23.    The roadblocks in the negotiations did not interfere with the Parties'

25  ongoing manufacturer-customer, co-packing relationship.  A-Sha continued to make

26  the Noodles bearing Momofuku's brand and logo and sold them to Momofuku—or,

27  in the case of Target, A-Sha sold the Noodles directly to Target on Momofuku's

28  behalf.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1

### *A-Sha Wrongfully Withholds the Target Proceeds from Momofuku*

2    24.    During the Parties' co-packing relationship between 2021 and its

3 termination in 2025, Target placed many purchase orders for the Momofuku-branded

4 Noodles with A-Sha and made payments believed to be in excess of $15 million. A-

5 Sha received and retained in trust the Target Proceeds for the benefit of Momofuku.

6 The amount A-Sha was required to remit to Momofuku—the Target Proceeds—is

7 based on taking the total Target revenues received by A-Sha for the Momofuku

8 Noodles and subtracting: (i) the per-unit cost and mark-up reflected in the Parties'

9 written communications and course of dealing (███████████████████

10 ██████████████████); and (ii) A-Sha's actual, documented expenses

11 (to be proven after accounting). The balance belongs to Momofuku. This

12 calculation does not rely on the existence of any joint venture.

13    25.    To date, A-Sha has not issued a single settlement statement, royalty

14 report, or payment to Momofuku for the Target Proceeds. Instead, A-Sha wrongfully

15 retained the Target Proceeds for itself and stole them from Momofuku.

16

### *Termination and A-Sha's Continuing Infringement*

17    26.    Because no joint venture agreement was ever reached, Momofuku

18 remained free to source noodles elsewhere once A-Sha's delivery, pricing, and lead-

19 times were worse than the competition's. That is precisely what any ordinary brand

20 owner is entitled to do when a supplier relationship no longer meets its business

21 needs.

22    27.    In 2025, Momofuku terminated the co-packing relationship with A-Sha

23 and began sourcing noodles from another manufacturer. On or about June 4, 2025,

24 Momofuku informed A-Sha that it had "committed to another production path" and

25 would place no further purchase orders.

26    28.    Upon termination, Momofuku expected A-Sha to cease all use of the

27 Momofuku Mark.

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

29.    A-Sha has not done so.  Instead, to this day, A-Sha has continued to advertise and sell "Momofuku × A-Sha" branded products on its e-commerce site, as captured on July 31, 2025, including but not limited to:

        a.    "Momofuku x A-Sha Soy Scallion Noodles"[2];

        b.    "Momofuku x A-Sha Tingly Chili Wavy Noodles"[3]; and

        c.    "Momofuku x A-Sha Spicy Soy Noodles"[4].

30.    All three products prominently display the Momofuku Mark. Momofuku owns the Momofuku Mark.  A-Sha does not have permission, authorization, or license from Momofuku to use its mark on A-Sha's website or sell products bearing the Momofuku Mark.  A-Sha's unauthorized use is likely to mislead consumers into believing that Momofuku sponsors, endorses, or approves the products, even though it does not.

31.    On information and belief, in addition to listing and selling the Momofuku-branded Noodles on its website, A-Sha recently sold the Noodles in large quantities at highly discounted prices to a retail chain for $1.00 per 5-pack, which is a heavy discount compared to the list price of $6.80 per 5-pack.  A-Sha's ongoing misconduct is damaging Momofuku's brand, Mark, and sales in the marketplace.

---

[2] https://ashadrynoodle.com/products/momofuku-x-a-sha-soy-scallion-noodles?_pos=1&_sid=b9be30d54&_ss=r  (A true and correct copy of this webpage is attached hereto as **Exhibit A**.)

[3] https://ashadrynoodle.com/products/momofuku-x-a-sha-tingly-chili-wavy-noodles?_pos=2&_sid=b9be30d54&_ss=r  (A true and correct copy of this webpage is attached hereto as **Exhibit B**.)

[4] https://ashadrynoodle.com/products/momofuku-x-a-sha-spicy-soy-noodles?_pos=3&_sid=b9be30d54&_ss=r  (A true and correct copy of this webpage is attached hereto as **Exhibit C**.)

Miller Barondess, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# FIRST COUNTERCLAIM FOR RELIEF

## (Conversion)

32.    Counterclaimant repeats and realleges each and every foregoing and subsequent paragraph as though set forth herein.

33.    From 2021 through June 2025, the Parties had a standard co-packing relationship for the manufacturing of packaged instant ramen noodles.  Momofuku purchased ramen noodles bearing its brand and Mark manufactured by A-Sha's production facilities (the "Noodles") at COGS plus a markup.  Momofuku then resold and distributed the Noodles through its channels, including major retailers.

34.    At A-Sha's insistence, Momofuku agreed to make an exception for Target and let A-Sha sell the Momofuku-branded Noodles on its behalf to Target directly and own that retail relationship.  Momofuku agreed to this arrangement relying on A-Sha's representation that it had an existing relationship with Target as its vendor of record.  Both Parties understood A-Sha would remit the Target Proceeds to Momofuku.

35.    Momofuku had, and still has, an ownership and immediate right of possession to its share of the Target Proceeds. The Parties understood and agreed A-Sha would collect those funds on behalf of Momofuku and remit them to Momofuku. But A-Sha has not done so.

36.    Instead, A-Sha has withheld and never remitted a dime of the Target Proceeds to Momofuku.  A-Sha unlawfully converted the Target Proceeds by taking, stealing, misappropriating, withholding, or retaining such funds without authority.

37.    A-Sha's misappropriation was intentional and deliberate.

38.    A-Sha's misappropriation constituted a conversion of Momofuku's property, which has proximately caused Momofuku damages in an amount to be proven at trial.

39.    A specific, identifiable sum of money is the proper subject of a cause of action for conversion.  Momofuku's Target Proceeds which A-Sha misappropriated

35

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  is specific and capable of being identified once A-Sha produces the necessary

2  financial and accounting books and records.

3      40.    A-Sha's conduct as alleged herein was despicable and subjected

4  Momofuku to unjust hardship.  The conduct was malicious, fraudulent, and

5  oppressive, and was committed with a conscious disregard for Momofuku's rights.

6  Accordingly, Momofuku is entitled to an award of punitive or exemplary damages in

7  an amount sufficient to punish A-Sha and to make an example of it.

8                  **SECOND COUNTERCLAIM FOR RELIEF**

9                  **(Unjust Enrichment And/Or Restitution)**

10     41.    Counterclaimant repeats and realleges each and every foregoing and

11  subsequent paragraph as though set forth herein.

12     42.    As described herein, A-Sha has deprived Momofuku of the Target

13  Proceeds by wrongfully withholding, retaining, and misappropriating such funds

14  without authority.

15     43.    A-Sha has taken, stolen, misappropriated, withheld, and retained assets,

16  monies, and/or property of Momofuku, which has enriched A-Sha and/or saved A-

17  Sha from loss of its own corporate assets, monies, and/or property.  A-Sha was

18  enriched by retaining 100% of the Target Proceeds and by exploiting the Momofuku

19  Mark after termination.

20     44.    The circumstances are such that it would be unjust for A-Sha to retain

21  the benefits it has obtained as a result of its misconduct.

22     45.    Momofuku is informed and believes, and thereon alleges, that A-Sha's

23  retention of these assets, monies, and/or property of Momofuku has been at the

24  expense of Momofuku because A-Sha's acts have prevented Momofuku from

25  obtaining what was rightfully its property, including the Target Proceeds.

26     46.    Momofuku is informed and believes, and thereon alleges, that by virtue

27  of A-Sha's misappropriation and/or retention of the Target Proceeds that are due and

28  payable to Momofuku, Momofuku is entitled to restitution against A-Sha.  Equity

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

and good conscience require restitution to Momofuku of all monies wrongly retained by A-Sha.

47.    Momofuku hereby requests the disgorgement of all assets, profits, and value unjustly received, obtained, appropriated, or retained by A-Sha.

## THIRD COUNTERCLAIM FOR RELIEF

### (Constructive Trust and/or Preliminary Injunction)

48.    Counterclaimant repeats and realleges each and every foregoing and subsequent paragraph as though set forth herein.

49.    As alleged herein, A-Sha misappropriated assets, monies, and/or property in the form of the Target Proceeds belonging to Momofuku for A-Sha's own benefit.

50.    Momofuku requests the Court order that either a constructive trust be imposed upon those assets which were improperly misappropriated, withheld, or retained as described hereinabove, or in the alternative, that a preliminary and permanent injunction issue enjoining A-Sha from transferring, hypothecating, or spending any of the assets in its possession, under its control, or in its name.

## FOURTH COUNTERCLAIM FOR RELIEF

### Violation of California Penal Code § 496(c)

51.    Counterclaimant repeats and re-alleges each and every foregoing and subsequent paragraph as though set forth herein.

52.    California Penal Code section 496(a) imposes criminal penalties against any person "who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained."

53.    California Penal Code section § 496(c) permits "[a]ny person who has been injured by a violation of subdivision (a) . . . [to] bring an action for three times

37

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and
2  reasonable attorney's fees."

3       54.     As alleged herein, A-Sha knowingly and intentionally took, stole,
4  misappropriated, and withheld from Momofuku the Target Proceeds.

5       55.     Momofuku was harmed in an amount to be determined, but at present is
6  estimated to exceed $5 million, not including trebling under the statute.  A-Sha's
7  conduct was a substantial factor in causing this harm.

8       56.     This claim is based on A-Sha's role as bailee and limited agent for
9  Momofuku in connection with Target.  Under California Penal Code section 496(c),
10  Momofuku is entitled to three times the amount of its actual damages, plus costs and
11  attorneys' fees.

12                       **FIFTH COUNTERCLAIM FOR RELIEF**
13                              **(Accounting)**

14       57.     Counterclaimant repeats and realleges each and every foregoing and
15  subsequent paragraph as though set forth herein.

16       58.     As set forth above, A-Sha stole, misappropriated, and withheld
17  Momofuku's Target Proceeds.  A-Sha's misconduct has benefited its own interests at
18  the expense of Momofuku.

19       59.     Momofuku has suffered damages and losses.  Momofuku is informed
20  and believes, and based thereon alleges, that the amount owed is in the millions.

21       60.     A-Sha has exclusive control of books and records related to, among
22  other things, the exact number of units sold to Target and A-Sha's receipt of the
23  Target Proceeds.  To that end, Momofuku cannot calculate the exact amount owed
24  because A-Sha has not provided the necessary records and information.

25       61.     Momofuku has a right to a full accounting of all A-Sha's transactions
26  during the period in which it sold the Noodles on behalf of Momofuku to Target,
27  which on information and belief, took place from 2021 through 2025.  Momofuku is
28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

1  also entitled to inspect all of A-Sha's books and records, including any financial

2  records in the custody and control of A-Sha's accountants and other representatives.

### SIXTH COUNTERCLAIM FOR RELIEF

### (Trademark Infringement (15 U.S.C. §§ 1114(1), 1125(a)))

62.  Counterclaimant repeats and realleges each and every foregoing and

subsequent paragraph as though set forth herein.

63.  Momofuku is a renowned dining and consumer goods brand that has

devoted significant time, effort, and resources to building its reputation for culinary

excellence, including the development of popular pantry items.  Momofuku

promotes, sells, and distributes high-quality CPG products throughout the United

States under the Momofuku brand (including, but not limited to, U.S. Trademark

Registration No. 4984580, shown below).



64.  In or about June 2025, Momofuku acquired all rights, title, and interest

in and to the valid, incontestable Momofuku Mark from its former owner, MomoIP

LLC through an irrevocable assignment, sale, conveyance, and/or transfer.  The

Momofuku Mark is a unique and innovative logo that immediately identifies

Momofuku as the exclusive source of products bearing this mark.  It symbolizes the

quality and distinctiveness that customers associate with Momofuku.

65.  Since 2021, Momofuku and A-Sha had a co-packing relationship.  On or

about June 4, 2025, Momofuku informed A-Sha in writing that it had committed to

another production path and would not be placing future orders with A-Sha,

terminating the co-packing relationship.  Any limited, implied license A-Sha once

possessed to place the Momofuku Mark on noodles terminated no later than June 4,

2025, when Momofuku expressly informed A-Sha that no further orders would issue

and demanded that A-Sha cease all use of the Momofuku Mark.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

66.    However, to date, A-Sha continues to advertise and sell noodle products labeled with Momofuku's brand and the Momofuku Mark, including but not limited to the following on A-Sha's website:

    a.    "Momofuku x A-Sha Soy Scallion Noodles" (*see* Ex. A.);

    b.    "Momofuku x A-Sha Tingly Chili Wavy Noodles" (*see* Ex. B.); and

    c.    "Momofuku x A-Sha Spicy Soy Noodles" (*see* Ex. C.).

67.    All three products prominently display the Momofuku Mark.  A-Sha does not have permission, authorization, or license from Momofuku to use its Mark on A-Sha's website or sell products bearing the Mark.

68.    The ongoing display, promotion, and sale of products bearing the Momofuku Mark, including but not limited to the "Momofuku x A-Sha" noodles referenced above, is extremely likely to mislead consumers into believing that A-Sha has a continuing affiliation with or sponsorship from Momofuku.  It does not.

69.    Momofuku and A-Sha's co-packing relationship ended on or about June 4, 2025.  Any sales or promotion of products since the end of the Parties' relationship constitutes willful infringement of the Momofuku Mark.

70.    The continued presence of the Momofuku Mark on A-Sha's website and products, as well as the sale of products at steep discounts to unauthorized retailers, is likely to cause consumer confusion, irreparably injure Momofuku's brand, and further demonstrates A-Sha's disregard for Momofuku's rights.

71.    A-Sha, without authorization or approval from Momofuku, has manufactured, advertised, promoted, distributed, sold and/or offered for sale noodle products which contain the registered Momofuku Mark.

72.    A-Sha's selling of products bearing the Momofuku Mark is intended to cause, and is likely to continue to cause, confusion, mistake, and deception among the general consuming public and the trade as to the source of A-Sha's products

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

1  bearing such mark, or as to a possible affiliation, connection, or association between

2  Momofuku and the noodles sold by A-Sha.

3        73.    A-Sha's post-termination advertising and sale of products bearing the

4  Momofuku Mark constitute use in commerce of a reproduction and/or colorable

5  imitation of the Momofuku Mark likely to cause consumer confusion.  A-Sha's

6  conduct is willful and in bad faith, as evidenced by its continued use of the

7  Momofuku Mark after termination, and its efforts to register marks that are

8  confusingly similar to the Momofuku Mark.

9        74.    A-Sha has acted with knowledge of Momofuku's ownership of the

10  Momofuku Mark, and with the deliberate intention to unfairly benefit from the

11  goodwill symbolized thereby.

12        75.    A-Sha's infringement is willful, deliberate, and in bad faith, justifying

13  treble damages, disgorgement of profits, and an award of attorneys' fees under 15

14  U.S.C. sections 1114(1), 1117, § 1125(a).

15              <u>**SEVENTH COUNTERCLAIM FOR RELIEF**</u>

16        **(Unfair Competition (Cal. Bus. & Prof. Code §§ 17200, et seq.))**

17        76.    Counterclaimant repeats and realleges each and every foregoing and

18  subsequent paragraph as though set forth herein.

19        77.    California Business & Professions Code section 17200, *et seq*. ("UCL")

20  prohibits unfair competition by, *inter alia*, any unlawful, unfair, business or

21  fraudulent acts or practices.  Section 17204 of the UCL allows a private plaintiff to

22  bring a claim under the UCL if the plaintiff "has suffered injury in fact and has lost

23  money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code §

24  17204.

25        78.    As alleged herein, A-Sha engaged in unlawful, unfair, and fraudulent

26  business practices by (1) misappropriating and wrongfully withholding Momofuku's

27  Target Proceeds and (2) selling or promoting the sale of products bearing

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400    FAX (310) 552-8400

1    Momofuku's trademarks without authority after the Parties' co-packing relationship

2    had terminated.

3    　　　79.    A-Sha's actions, as complained of herein, have been, and will continue

4    to be, willful and intentional.  A-Sha's conduct constitutes unfair and deceptive acts

5    or practices in the course of a business, trade, or commerce in violation of California

6    Business and Professions Code section 17200.

7    　　　80.    Momofuku has standing to assert this claim under California Business &

8    Professions Code sections 17200, *et seq*. because its monetary and property interests

9    have been damaged by the aforesaid conduct of A-Sha.

10    　　　81.    A-Sha acted willfully to deprive Momofuku of the Target Proceeds and

11    continues to sell Momofuku-branded products following the termination of their co-

12    packing relationship.  A-Sha understood and knew that Momofuku allowed A-Sha to

13    sell the Momofuku-branded Noodles to Target directly and maintain that account

14    with the understanding that A-Sha would remit Momofuku's portion of the sales

15    proceeds.  A-Sha also understood it does not have permission, authorization, or

16    license from Momofuku to use Momofuku's Mark on A-Sha's website or sell

17    products bearing the Mark.  A-Sha's actions were taken deliberately and with

18    deliberate indifference to Momofuku's legal rights.

19    　　　82.    A-Sha's misappropriation of the Target Proceeds and unauthorized use

20    of Momofuku's Mark have caused, and are likely to cause, substantial and

21    irreparable injury to Momofuku.  As a direct and proximate result of A-Sha's

22    unlawful, unfair and fraudulent conduct, Momofuku has lost money and property

23    within the meaning of California Business and Professions Code sections § 17203

24    and 17204 in that Momofuku has been deprived of the Target Proceeds.  A-Sha has

25    benefited from withholding the Target Proceeds, which rightfully belong to

26    Momofuku.  Accordingly, Momofuku is entitled to restitution of the Target

27    Proceeds.  A-Sha must also disgorge any proceeds it has received by the wrongful

28    sale of products bearing the Momofuku Mark.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

83.    Additionally, pursuant to California Business and Professions Code sections 17203 and 17204, Momofuku seeks injunctive relief prohibiting A-Sha from manufacturing, advertising, promoting, distributing, selling, or offering for sale, any product bearing Momofuku's brand or Mark.

## EIGHTH COUNTERCLAIM FOR RELIEF
### (Declaratory Relief)

84.    Counterclaimant repeats and realleges each and every foregoing and subsequent paragraph as though set forth herein.

85.    An actual controversy has arisen and now exists between the Parties as to whether a contractual joint venture was ever formed, and if so, the key terms governing the joint venture.  Momofuku contends no joint venture between it and A-Sha was created or ever existed, that Momofuku owed no exclusivity obligation to A-Sha and was free to explore and use other manufacturers for its CPG products, and that A-Sha has no ongoing right or involvement in Momofuku's CPG business.

86.    Momofuku seeks a judicial declaration that it and A-Sha did not form a joint venture at any time.  Momofuku also seeks a judicial declaration that A-Sha has no right to manufacture, advertise, promote, distribute, sell, or offer for sale products bearing Momofuku's registered Mark, or any other Momofuku branding or marks, or otherwise use Momofuku's intellectual property.

87.    A judicial declaration is necessary and appropriate so the Parties may ascertain their respective rights, duties and obligations.

## PRAYER FOR RELIEF

**WHEREFORE**, Momofuku respectfully requests the Court grant the following relief in Momofuku's favor and against A-Sha:

(1)    Compensatory damages in an amount to be proven at trial but preliminary estimated to exceed $5 million;

(2)    Treble damages under California Penal Code section 496(c);

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

(3)   Imposition of a constructive trust over all Target Proceeds and any other Momofuku-branded revenues wrongfully withheld, or obtained, by A-Sha;

(4)   Full restitution and disgorgement of A-Sha's profits;

(5)   Accounting of all Target Proceeds and post-termination sales of Momofuku-branded products;

(6)   Injunctive relief prohibiting A-Sha's use of the Momofuku Mark and requiring removal of infringing products and references from all channels and platforms, as well as abandonment of infringing trademark applications;

(7)   Treble damages, statutory damages, and attorneys' fees under 15 U.S.C. sections 1114(1), 1117, and/or 1125(a) for A-Sha's infringement of Momofuku's registered Mark;

(8)   Restitution and injunctive relief under California Business & Professions Code section 17203;

(9)   A judicial declaration that no joint venture or partnership existed or exists between the Parties;

(10)  Pre- and post-judgment interest;

(11)  Costs of suit and reasonable attorneys' fees; and

(12)  Other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Momofuku hereby demands a trial by jury on all issues so triable.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

1 | DATED:  September 8, 2025        MILLER BARONDESS, LLP

2

3

4 | By: _____

5 |        AMNON Z. SIEGEL

6 |        Attorneys for Defendant
        MOMO ORCHARD HOLDINGS, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

751638.5

MOMO ORCHARD HOLDINGS, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS